UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
-------------------------------------------------x
In Re:

                                            Case No. 815-70212-LAS

JACQUELINE DEGROFF,
aka Jackie Degroff
aka Jackie Walsh
aka Jackie Hoffman,

                                            Chapter 7

      Debtor.
-------------------------------------------------x

## NOTICE OF MOTION

PLEASE TAKE NOTICE that, upon the October 13, 2021 application of Allan B. Mendelsohn a motion pursuant to 11 U.S.C. §323 and Bankruptcy Rule 9019 will be made as set forth below:

| | |
|---|---|
| JUDGE: | LOUIS A. SCARCELLA |
| RETURN DATE AND TIME: | November 18, 2021 at 10:00 AM |
| PLACE: | U.S. Bankruptcy Court<br>970 Federal Plaza<br>Central Islip, NY 11722 |
| RELIEF REQUESTED: | Approval of Compromise of the Estate's State Court Personal injury Claim |
| BASIS FOR RELIEF: | Compromise of personal injury claim is beneficial to estate and approvable per Rule 9019. |

Dated: Huntington, New York
       October 13, 2021

_____
ALLAN B. MENDELSOHN

Allan B. Mendelsohn, LLP
38 New Street
Huntington, NY 11743
(631) 923-1625

UNITED STATES BANKRUPTCY COURT      tam 3845
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
-------------------------------------------------X
In Re:      Case No.
     815-70212-LAS
JACQUELINE DEGROFF,      Chapter 7
aka Jackie Degroff
aka Jackie Walsh      APPLICATION TO
aka Jackie Hoffman      COMPROMISE
     LITIGATION
         Debtor.

-------------------------------------------------X

       The Application of ALLAN B. MENDELSOHN, Trustee of the above-captioned estate, by his attorneys, Allan B. Mendelsohn, LLP, respectfully represents:

       1. The case of above-captioned Debtor is presently proceeding before this court under the provisions of Chapter 7 of the Bankruptcy Code.

       2. ALLAN B. MENDELSOHN has been appointed Trustee of the above-captioned Debtor's estate and has submitted an Application and Order to this Court seeking approval of the retention of this office to represent him in this case. That was approved by order dated March 6, 2015.

       3. Although not initially listed as an asset of the estate on the Debtor's Schedule B (Schedule of Personal Property), the Trustee discovered the pendency of a personal injury claim in state court which was derived from an injury sustained by the Debtor's son.

       4. Subsequent correspondence and investigation by the trustee revealed that the civil action - which had been formally commenced and was still pending at the time of the filing of the bankruptcy petition – consisted of counter-claims and cross-claims which arose from a pre-petition injury which the Debtor's minor son, sustained, on or about December 9, 2009, during

an assault. This claim was believed to be a potentially valuable asset of the estate. Upon inquiring further about this, the trustee sought and communicated with the state court litigation counsel for the purpose of obtaining a status of the case and investigating the possibility of retaining that firm in order to permit them to pursue the case for the benefit of the Debtor's creditors.

5. It was understood that the state court litigation has been pending since the filing, in 2010, of a Summons and Complaint in the New York State Supreme Court located in Suffolk County - where the action was brought and is still pending..

6. Subsequent to the initial correspondence with the state court litigation counsel and the retention of that firm by order dated March 16, 2015, to pursue the litigation on behalf of the estate, the trustee's general counsel maintained contact with the special counsel in order to monitor the status of the litigation. A copy of the order for retention of the state court counsel is annexed hereto as an Exhibit.

7. Special Counsel has informed the trustee that the matter has proceeded with discovery and that the continuation towards scheduling of a trial would depend upon the acceptance or rejection by this court and the trustee of a settlement offer which has been made by other parties to the action.

8. Special Counsel has informed the Trustee that they pursued negotiations with the other parties to the action and notified the trustee that an offer to compromise the bankruptcy estate's claim in the state court litigation for the sum of $25,000.00 had been made - which offer has been recommended by the special counsel for approval. A copy of the October 7, 2021 notification of the offer is annexed as an exhibit.

9. This offer is believed to be reasonable and warrants acceptance by the trustee in light of the fact that the proposed payment will permit the trustee to pay the estate's administration expenses – to the extent that they are determined and fixed by this court upon approval of the Trustee's Final Report and Account, and make payment to the claimants who have filed unsecured claims against the bankruptcy estate – thus far totaling $35,493.33;.

10. It is believed that denial of approval of the proposed settlement may expose the estate and Debtor to the risk of failure to prevail on the merits of the personal injury claim; will cause the estate further delay; and, if permitted to proceed to trial, will risk a verdict for the defendants - in which case the Debtor would lose her opportunity to recover any payment on her son's personal injury claim and the bankruptcy estate would have to be closed as a No-Asset estate.

11. The most recent correspondence from special counsel - dated October 7, 2021 - a copy of which is annexed hereto as an exhibit, discloses that the offer to settle the claim is for a cash payment of $25,000.00 to the estate – not subject to the fees and expenses awardable pursuant to the contingency fee agreement which had been assumed by the estate as part of the retention of special counsel and not subject to any personal injury exemption. Thus, the full amount will be available to pay administration expenses and creditor claims.

12. No prior application for this or similar relief has been made by the Trustee in this case.

WHEREFORE, it is respectfully requested that the Court grant the requested relief by issuance of the annexed Order and grant such other further relief which this Court may deem to be just and proper.

Dated: Huntington, New York
October 13, 2021

_____
ALLAN B. MENDELSOHN
Allan B. Mendelsohn, LLP
38 New Street
Huntington, NY  11743
(631) 923-1625

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
-----------------------------------------------------------X
In Re:

    Jacqueline DeGroff

              Debtor.
-----------------------------------------------------------X

tam 3845

Case No.
815-70212-LAS

Chapter 7

## ORDER OF RETENTION

Upon the application dated March 2, 2015 of ALLAN B. MENDELSOHN, the Chapter 7 Trustee (the "Trustee") for the estate of Jacqueline DeGroff, (the "Debtor"), and the affidavit (the "Affidavit") of Douglas M. Reda, Esq. sworn to on the 3rd day of March, 2015, seeking the entry of an order pursuant to Title 11 of the United States Code, (the "Bankruptcy Code") § 327(e) and Rule 2014 of the Federal Rule of Bankruptcy Procedure ("F.R.B.P.") authorizing the retention of Douglas M. Reda, Esq. as Special Personal Injury Counsel ("Special Personal Injury Counsel"); it being determined that the relief requested is necessary for the administration of the estate; and this Court being satisfied, based upon the representations made in the application and the Affidavit, that Douglas M. Reda, Esq. does not hold or represent any interest adverse to the Trustee, the Debtor, or her estate with respect to the matter upon which Douglas M. Reda, Esq. is to be retained, and is a disinterested person within the meaning of 11 U.S.C. §§ 101(14) and 327(a), and that this employment is necessary and would be in the best interests of the estate; and no further notice being required and sufficient cause having been shown, it is

ORDERED, that the Trustee is authorized to retain Douglas M. Reda, Esq. as Special Personal Injury Counsel, pursuant to 11 U.S.C. Sections 327(e) and 328, and F.R.B.P. 2014, to pursue prosecution of the bankruptcy estate's interest in a personal injury action involving injuries suffered by the Debtor in the action entitled "Jordan Eisenberg, an infant by his mother

and natural guardian, Robin Eisenberg and Robin Eisenberg, individually, Plaintiffs, against Pederson-Krag Center, Inc., Pederson-Krag/Dix Hill – Community Residence, Anthony DeGroff, an infant by his parents and natural guardians, Jacqueline DeGroff and Roland DeGroff, and Jacqueline DeGroff and Roland DeGroff, individually, Defendants" (the "Personal Injury Action") and to be compensated for the services rendered and the disbursements made pursuant to a contingency retainer upon the filing of a proper application therefor, and approval by, the Court pursuant to Sections 328 and 330 of the Bankruptcy Code, the F.R.P.B., and any controlling Local Rules for the United States Bankruptcy Court - Eastern District of New York; and it is further

ORDERED, that, if action has been commenced, the Special Personal Injury Counsel shall, within 30 days of the entry of this order, make a motion returnable in the Court in which the Personal Injury Action is pending to substitute the Trustee, Allan B. Mendelsohn, as the successor in interest to the Debtor in the Personal Injury Action so that the caption shall identify the third-party plaintiff as "Allan B. Mendelsohn, Trustee of the Estate of Jacqueline DeGroff"; and it is further

ORDERED, that each and every May and November following the date of this order, the Special Personal Injury Counsel shall report to the Trustee and to the Trustee's satisfaction, by letter, detailing the status of the Personal Injury Action; and it is further

ORDERED, that any settlement of the Personal Injury Action shall be subject to the Trustee's written consent and subject to approval of this Court upon the Trustee's motion to the Court; and it is further

ORDERED, that upon settlement or other liquidation of the claims being prosecuted in the Personal Injury Action, the gross proceeds from the settlement or other liquidation shall be

turned over to the Trustee upon receipt by Special Personal Injury Counsel and/or the Debtor for the distribution by Trustee in accordance with orders of this Court and/or the Bankruptcy Code; and it is further

ORDERED, that within 30 days of entry of this Order, Special personal Injury Counsel shall: comply with Rule 691.20 of Title 22 of the Official Compilation of Codes, Rules and Regulations of the State of New York (22 NYCRR 691.20); and file with the Office of Court Administration of the State of New York a written statement of this retention with a copy of this order annexed thereto; and serve upon the Trustee and file with this Court a duplicate of any documents filed with the Office of Court Administration of the State of New York related to the Personal Injury Action; and it is further

ORDERED, that notwithstanding anything else contained in this order, Special Personal Injury Counsel is directed to maintain contemporaneous time records of the services performed for the Estate in a manner consistent with the Bankruptcy Code and the United States Trustee's Guidelines; and it is further

ORDERED, that the issuance of the discharge of the Debtor by the Bankruptcy Court shall not divest the Trustee and the Estate of the Debtor of any interest in the Personal Injury Action or the proceeds derived therefrom.

NO OBJECTION:

Office of the United States Trustee

*s/ Alfred M. Dimino*

Dated: March 16, 2015
      Central Islip, New York

_____
Louis A. Scarcella
United States Bankruptcy Judge

**DOUGLAS M. REDA**
*Attorney At Law*
*180 Froehlich Farm Blvd..*
*Woodbury, New York 11797*
*E-mail: Dmr180@gmail.com*

*Tel. No.: (516)921-1873*                                                  *Facsimile (516)496-1073*

October 7, 2021

Allan Mendelsohn, Esq.
38 New Street
Huntington, New York 11743

Re: Jacqueline DeGroff; Case No. 815-70212-LAS

Dear Mr. Mendelsohn:

This shall confirm our understanding that I have settled the case of Eisenberg v. DeGroff v. Pederson-Krag, et al index 42695/2010, currently pending in Suffolk County Supreme Court, and that you have agreed subject to the Court's approval to accept $25,000.00 to satisfy Jacqueline DeGroff's creditors.

The total amount of the settlement is $275,000.00, after expenses and legal fees the balance subject to Court approval will be $25,000.00 to Roland DeGroff, $25,000.00 to the bankruptcy creditors of Jacqueline DeGroff and the balance going to the then minor Anthony DeGroff.

I have talked to Jacqueline DeGroff and she approves of the $25,000.00 going to her creditors and waives any rights to any monies paid to her creditors.

If after receipt of this letter you need any further information please contact the undersigned at your convenience.

Very truly yours

Douglas M. Reda

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
-------------------------------------------------X
In Re:

JACQUELINE DEGROFF,
Aka Jackie Degroff
aka Jackie Walsh
aka Jackie Hoffman

        Debtor.
-------------------------------------------------X

Case No.
815-70212-LAS
Chapter 7

## ORDER APPROVING PROPOSED COMPROMISE

Upon the October 13, 2021 application of Allan B. Mendelsohn, the Trustee herein, by his attorneys, Allan B. Mendelsohn, LLP, and pursuant to the provisions of Sections 323 and 330 of the Bankruptcy Code, Rule 9019 of the Federal Rules of Bankruptcy procedure and of Local Bankruptcy Rule 2002-1, LBR 2002-1, of the United States Bankruptcy Court for the Eastern District of New York, and sufficient cause appearing therefor, and no adverse interest having been presented,

Now, on motion of Allan B. Mendelsohn, LLP, attorneys for the Trustee; it is

ORDERED, that the Trustee be and is hereby authorized to accept the proposed compromise of the estate's claims, including counter-claims and cross-claims, raised in the state court civil action presently pending in the Supreme Court for the State of New York

entitled "Jordan Eisenberg, an infant by his mother and natural guardian, Robin Eisenberg and Robin Eisenberg, individually, Plaintiffs, against Pederson-Krag Center, Inc., Pederson-Krag/Dix Hills – Community Residence, Anthony DeGroff, an infant by his parents and natural guardians, Jacqueline DeGroff and Roland DeGroff, and Jacqueline DeGroff and Roland DeGroff, individually, Defendants. " for the sum of $25,000.00 as provided in the trustee's application herein.

Dated: CENTRAL ISLIP , NEW YORK
          , 2021

                                                                        _____
                                                                         LOUIS A. SCARCELLA
                                                                         United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP
------------------------------------------------------X

In Re:
JACQUELINE DEGROFF,
aka Jackie Degroff
aka Jackie Walsh
aka Jackie Hoffman,

Case No.
815-70212-LAS
Chapter 7

AFFIDAVIT OF
MAILING

Debtor.

------------------------------------------------------X

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF SUFFOLK    )

Michael J. O'Sullivan being duly sworn, deposes and says; that deponent is not a party to the action, is over the age of 18 years and resides in Garden City, New York.

That on October 18, 2021 deponent served the within NOTICE OF MOTION upon the following persons:

1. Office of the United States Trustee, 560 Federal Plaza, Central Islip, NY 11722
2. Jacqueline M Degroff, 121 Barraud Drive, Port Jefferson Station, NY 11776
3. Leif I Rubinstein, Esq., Touro Law Center, 225 Eastview Drive, Central Islip, NY 11722
4. Douglas M. Reda, Esq., 180 Froehlich Farm Blvd., Woodbury, NY 11797
5. - All parties on annexed matrix -,

the addresses designated for that purpose, by depositing a true copy of the same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

*/s/ Michael J. O'Sullivan*

Sworn to before me this
18th day of October, 2021

_____
Notary Public

ALLAN B. MENDELSOHN
Notary Public, State of New York
No. 02ME4780083
Qualified in Nassau County
Commission Expires January 31, 20 22

| | | |
|---|---|---|
| Allan B. Mendelsohn<br>Allan B. Mendelsohn, LLP<br>38 New Street<br>Huntington, NY 11743-3463 | ARS National Services Inc<br>P.O. Box 463023<br>Escondido, CA 92046-3023 | BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 |
| C-Tech collections<br>5505 Nesconset Hwy<br>Mount Sinai, NY 11766-2026 | Capital One, N.A.<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | CAVALRY PORTFOLIO SERVICES LLC<br>500 SUMMIT LAKE DR<br>STE 400<br>VALHALLA NY 10595-2322 |
| Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595-2321 | CITIBANK<br>PO BOX 790034<br>ST LOUIS MO 63179-0034 | Comenity Bank<br>P.O. Box 182125<br>Columbus, OH 43218-2125 |
| Comenity Bank<br>P.O. Box 182272<br>Columbus, OH 43218-2272 | Credit Control LLC<br>P.O. Box 31179<br>Tampa, FL 33631-3179 | Dell Financial<br>PO Box 81607<br>Austin, TX 78708-1607 |
| DELL FINANCIAL SERVICES<br>P O BOX 81577<br>AUSTIN TX 78708-1577 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 | DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 |
| Douglas M Reda<br>180 Froehlich Farm Blvd<br>Woodbury, NY 11797-2923 | Dress Barn<br>P.O. Box 659704<br>San Antonio, TX 78265-9704 | (p)DSNB MACY S<br>CITIBANK<br>1000 TECHNOLOGY DRIVE MS 777<br>O FALLON MO 63368-2222 |
| Fashionbug/Spirit of Amer<br>1103 Allen Drive<br>Milford, OH 45150-8763 | Firstsource Advantage<br>205 Bryant Woods South<br>Buffalo, NY 14228-3609 | GE Capital Retail Bank<br>Attn: Bankruptcy Dept<br>P.O. Box 103104<br>Roswell, GA 30076-9104 |
| GECRB/Lowes<br>PO Box 965005<br>Orlando, FL 32896-5005 | GECRB/VS<br>P.O. Box 182789<br>Columbus, OH 43218-2789 | GEMB/OLD NAVY<br>PO Box 965005<br>Orlando, FL 32896-5005 |
| GERB/PayPal<br>P.O. Box 960080<br>Orlando, FL 32896-0080 | GOLD KEY CREDIT INC<br>PO BOX 15670<br>BROOKSVILLE FL 34604-0122 | HSBC Mortgage Corporation<br>2929 Walden Avenue<br>Depew, NY 14043-2690 |
| Jacqueline M Degroff<br>121 Barraud Drive<br>Port Jefferson Stati, NY 11776-8007 | Jordan Eisenberg<br>c/o Mark L. Bodner, Esq.<br>470 Park Avenue South<br>12th Floor South<br>New York, NY 10016-6819 | JPMORGAN CHASE BANK N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 |

Kirschenbaum & Phillips
40 Daniel Street
Suite 7
Farmingdale, NY 11735-1308

Kohls Department Store
PO Box 3115
Milwaukee, WI 53201-3115

Kohls Payment Center
P.O. Box 2983
Milwaukee, WI 53201-2983

Kohls/Cap One
P.O. Box 3115
Milwaukee, WI 53201-3115

Leif I Rubinstein
Touro Law Center
225 Eastview Drive
Central Islip, NY 11722-4539

Limited Too/Justice
Comenity Bank
P.O. Box 182789
Columbus, OH 43218-2789

LIPA/PSEG
PO Box 888
Hicksville, NY 11802-0888

Mandee/Comenity Bank
P.O. Box 182789
Columbus, OH 43218-2789

Mercedes-Benz Financial
13650 Heritage Valley Pkw
Fort Worth, TX 76177-5323

Northland Group Inc.
PO Box 390846
Minneapolis, MN 55439-0846

Old Navy/GECRB
P.O. Box 530942
Atlanta, GA 30353-0942

Pier 1 Imports
P.O. Box 659617
San Antonio, TX 78265-9617

PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

PRA Receivables Management, LLC
POB 41067
NORFOLK, VA 23541-1067

Professional Bureau of
Collections of Maryland
P.O. Box 4157
Englewood, CO 80155-4157

PSEG Long Island LLC
c/o Robert J. Ansell, Esq.
Silverman Acampora LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753-2702

PYOD, LLC
c/o Resurgent Capital Services
Po Box 19008
Greenville, SC 29602-9008

Quantum3 Group LLC as agent for
Comenity Bank
PO Box 788
Kirkland, WA 98083-0788

SRA Associates of NJ
401 Minnetonka Road
Somerdale, NJ 08083-2914

Synchrony Bank
c/o Recovery Management Systems Corp
25 SE 2nd Ave Suite 1120
Miami FL 33131-1605

TJX Rewards
P.O. 965015
Orlando, FL 32896-5015

Toys R Us
PO Box 965001
Orlando, FL 32896-5001

United Collection Bureau
5620 Southwyck Blvd
Suite 206
Toledo, OH 43614-1501

United States Trustee
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4456

WEBBANK/DFS
P.O. Box 81607
Austin, TX 78708-1607

WFNNB/ Dress Barn
PO Box 182789
Columbus, OH 43218-2789

Case No. 815-70212-LAS
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT CENTRAL ISLIP

In Re:

JACQUELINE DEGROFF,
aka Jackie Degroff
aka Jackie Walsh
aka Jackie Hoffman,

Debtor.

## MOTION TO APPROVE COMPROMISE

Allan B. Mendelsohn, LLP

38 NEW STREET
HUNTINGTON, NEW YORK 11743

(631) 923-1625

Attorneys For
Trustee